## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | |
|---|---|
| STEVEN D. RUSSELL, JR., <br> ADC #151742, | * <br> * <br> * |
| Petitioner, | * |
| v. | * |
| | *   No. 5:17cv00213-SWW-JJV |
| WENDY KELLEY[1], Director <br> Arkansas Department of Correction, | * <br> * <br> * |
| Respondent. | * |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted)

---

[1] According to the ADC website, Respondent's name is properly Wendy Kelley. The Clerk of Court shall correct the docket to reflect the corrected spelling of Respondent's last name.

was not offered at the hearing before the Magistrate Judge.

      3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Steven D. Russell, Jr., an inmate in the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). (Doc. No. 1.) Respondent seeks dismissal of the Petition, saying Mr. Russell claims are either meritless or procedurally defaulted. (Doc. No. 12.) After careful review of the Petition, Response, and Reply, for the following reasons, I recommend the Petition be dismissed.

### I.    BACKGROUND

According to the Petition, Mr. Russell was convicted of capital murder by a Pulaski County jury on January 27, 2012. (Doc. No. 1 at 1.) He was sentenced to life imprisonment without parole, with an additional 180 months for a firearm enhancement. (*Id.*) In its opinion affirming the conviction and sentence, the Arkansas Supreme Court rejected Mr. Russell's arguments that a mistrial was necessary when the jury announced it was deadlocked, and did not find he should have been acquitted due to a post-traumatic stress disorder (PTSD) hindering his ability to conform

his conduct to the law or to appreciate the criminality of his conduct. *Russell v. State*, 2013 Ark. 369 (2013).

Mr. Russell next sought post-conviction relief pursuant to Arkansas Rule of Criminal Procedure Rule 37, arguing that: (1) trial counsel was ineffective for failing to redact medical records containing statements that Petitioner had broken the jaw of his girlfriend when evidence of that fact had been excluded by the trial court; (2) counsel was ineffective for not preserving an issue for appeal about the trial court allowing the State to seek a second opinion about Petitioner's PTSD; (3) counsel was ineffective for failing to state a basis for his mistrial motion after the jury announced it was deadlocked; and (4) testimony of Dr. Bradley Diner should not have been admitted at trial because his opinions were "not generally accepted within the community and were not based on the literature." (Doc. No. 12-1 at 18-26.) After a hearing, the Pulaski County Circuit Court denied each of Petitioner's claims. (*Id*. at 77-81.)

Mr. Russell appealed the decision to the Arkansas Supreme Court, which affirmed, with the court stating that "[b]ecause any errors demonstrated by Russell are either nonprejudicial under *Strickland* or inappropriate for postconviction consideration, we hold that the circuit court did not clearly err in denying his petition." *Russell v. State*, 2017 Ark. 174, 5 (2017).

Petitioner filed the current Petition (Doc. No. 1) on August 14, 2017, and Wendy Kelley's Response (Doc. No. 12) was filed on October 30, 2017. Mr. Russell filed a Reply on December 4, 2017. (Doc. No. 15.)

## II.   ANALYSIS

After careful review of the Petition, Response, and Reply, I conclude the Petition is without merit and should be DISMISSED. Mr. Russell's first three claims of ineffective assistance of counsel were properly raised and addressed on their merits by the Arkansas Supreme Court. His

final claim regarding improperly admitted scientific evidence at trial is procedurally defaulted.

    A.    DEFERENTIAL REVIEW

In the interests of finality and federalism, federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under this statute, federal review of underlying state court decisions is limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual

4

findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). The record does not support that such a case exists here.

Mr. Russell's Petition repeats the same arguments he presented in state post-conviction proceedings. His claims that his trial counsel was ineffective – for not redacting "prejudicial" information from medical reports introduced as evidence, for not preserving arguments for appeal regarding the court's role as a "gatekeeper" when it excluded expert testimony, and for failure to specify the basis for a mistrial motion when the jury reported it was deadlocked – were presented to the Arkansas Supreme Court in his Rule 37 appeal. (Doc. No.12-1 at 77-81.) The state's highest court correctly applied the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded that Mr. Russell failed to show his counsel's performance fell below an objective standard of reasonableness, or that he was prejudiced by the alleged errors of counsel. The court's findings were supported by the record.

To determine whether counsel is ineffective, the United States Supreme Court, in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-element test for ineffective assistance of counsel at trial:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

Under the two-prong *Strickland* test, the benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning

of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686.   As the Arkansas Supreme Court correctly found, Mr. Russell failed to reach that mark.   Specifically, in regard to his claim that counsel was ineffective for allowing the jury to view unredacted medical records that contained information about him breaking his girlfriend's jaw, the Supreme Court of Arkansas held:

> Before the trial, his attorney sought and obtained a ruling preventing the State from introducing evidence about the episode under Arkansas Rule of Evidence 404(b), which prohibits raising past crimes or bad acts "to prove the character of a person in order to show that he acted in conformity therewith." The 404(b) ruling is not, however, relevant to the circumstances in which the medical records were introduced to the jury here. Instead of the prosecution introducing the broken-jaw incident to demonstrate a character defect, the information was critical to establish Russell's own contention that his post-traumatic stress disorder ("PTSD") negated his culpability for the homicide. All three expert reports weighing in on Russell's PTSD defense referenced the battery and the mental-health treatment Russell received afterward. The reports of Dr. Ronald Faupel and Dr. James R. Moneypenny ultimately reached favorable conclusions for Russell on the question of criminal responsibility. Because the Rule 404(b) ruling that Russell relies on is not applicable to medically relevant information bearing on Russell's own defense, Russell cannot now establish the necessary prejudice for *Strickland*. The evidence was both admissible and cumulative of other evidence, and as such there is no reasonable probability that additional efforts by the trial counsel to limit introduction of the medical records would have altered the outcome of the trial.

*Russell v. State*, 2017 Ark. 174, 2-3 (2017)

After careful review of the record, I conclude that the Arkansas Supreme Court's findings did not unreasonably apply federal law on any point.   In reviewing an ineffective assistance of counsel claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465,

473 (2007)). The court reasonably applied the *Strickland* standard to the facts of Mr. Russell's case, and properly adjudicated the claims he raises again in the instant Petition.

The Arkansas Supreme Court thoroughly reviewed the facts of Mr. Russell's case, and rejected his claim that trial counsel was deficient for failing to state the grounds for a mistrial after a deadlocked jury was asked if they "may be able to deliberate toward a verdict after a night of rest" by the court. *Russell*, 2017 Ark. 174 at 4. Mr. Russell argues that because the communication was delivered on a Friday afternoon, it essentially asked the jurors whether they were willing to "give up their weekend for this self-professed killer and come back and work some more on Saturday." (Doc. No. 1 at 6.) The Arkansas Supreme Court addressed this, saying:

> We have consistently held that a mistrial is an "extreme and drastic remedy." Courts in Arkansas are permitted to give juries the "*Allen* charge," which stresses the importance of reaching a verdict and the monetary and social costs of delayed justice. By comparison, the court's communication here was—despite Russell's characterization to the contrary—an utterly unremarkable assurance that the jury could take more time to reach a verdict if necessary after an hour of deliberations on one day followed by a single full day.

*Russell*, 2017 Ark. 174 at 4 (citations omitted).

### B.   CLAIM NOT COGNIZABLE/PROCEDURAL DEFAULT

Finally, Petitioner argues that the trial court should not have admitted scientific testimony from Dr. Bradley Diner regarding Petitioner's PTSD. (Doc. No. 1 at 8). Respondent argues that this final claim in Mr. Russell's Petition is not a cognizable habeas claim, in addition to being procedurally defaulted. (Doc. No. 12 at 17-19.) After reviewing the record, I agree. For a claim to be granted habeas review, it must "refer[] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue[.]" *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.), *cert. denied*, 562 U.S. 1068 (2007). Here, Mr. Russell fails to state any constitutional ground for this claim.

Additionally, even interpreted liberally, this claim is procedurally defaulted. Mr. Russell first presented this argument in his Rule 37.1 motion, an avenue entirely inappropriate for this alleged evidentiary error of the trial court. The Arkansas Supreme Court correctly affirmed the ruling of the Pulaski County Circuit Court, saying:

> As the circuit court noted, this is a claim of trial error rather than ineffective assistance of counsel. A postconviction Rule 37.1 motion is not the appropriate medium for collateral attack on the trial court's rulings. As we have consistently held, allegations of trial error must be made at trial and on direct appeal. We therefore decline to consider his claim here.

*Russell*, 2017 Ark. 174 at 5.

The United States Supreme Court has held that if "a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 366 (1995). As such, this evidentiary claim was not properly exhausted in the appropriate state court of appeals and it cannot be evaluated here.

    C.    *MARTINEZ v. RYAN*, 566 U.S. 1 (2012)

Out of an abundance of caution, I will consider whether Mr. Russell is entitled to any relief based on the United States Supreme Court's holding in *Martinez v. Ryan*, 566 U.S. 1 (2012). If *Martinez* applied, this Court would perform a merits review of the defaulted claims if: (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Russell had no counsel in the post-conviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely Mr. Russell had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 569 U.S. __, 133 S. Ct. 1911 (2013). Given the facts in this case and the law under *Martinez* and *Trevino*, I conclude, under the first prong of this analysis, Mr. Russell's

8

defaulted claim fails to rise to the level of "substantial." Furthermore, Mr. Russell had assistance of counsel with his Rule 37 motion and the appeals from the adverse trial court rulings in considering that motion. Finally, Mr. Russell had ample opportunity to raise his procedurally defaulted claim with the Arkansas courts and simply failed to do so. Because I find no avenue of relief for the Petitioner under *Martinez*, his procedurally barred claim should be dismissed.

### III.   SUMMARY

This Court gives deference to the Arkansas Supreme Court and finds its holding was neither contrary to nor an unreasonable application of federal law. 28 U.S.C. § 2254(d)(1). Nor was the holding based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(2). Additionally, Petitioner's claim regarding admission of his PTSD is not cognizable and is procedurally defaulted. Accordingly, Mr. Russell's Petition for Writ of Habeas Corpus should be DISMISSED.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive

constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petitioner's last claim is clearly procedurally defaulted and his other claims are without merit. Therefore, no certificate of appealability should be issued.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Russell's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED; and

2. A certificate of appealability not be issued.

DATED this 10th day of January, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE